Dear Mr. Wilkinson:
We are in receipt of your opinion request of recent date asking us to address the following legal inquiries:
 1. If a person is a full-time employee of a public agency (i.e. municipality, parish, or state) can he simultaneously be elected to that agency's governing body? If he is retired from employment from that agency, is there a violation?
 2. Can an individual serve as an appointed member of a board of commissioners of a political subdivision (i.e. Levee Board or port) and, at the same time, be elected to a public office (i.e. police jury, school board, town council)? Does any form of compensation and/or employment have any effect on the potential conflict?
Your questions are answered by reference to the provisions of the Louisiana Dual Officeholding and Dual Employment Laws, LSA-R.S. 42:61, et seq. Therein, the following definitional section is applicable:
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
* * * * *
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
Generally, the prohibitions against the simultaneous holding of a combination of certain offices are found within LSA-R.S. 42:63(C)(D), and (E), providing:
 C. No person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof.
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elected office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
 E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
In response to your first question, note that the law prohibits one from holding local elective office and employment within the same political subdivision. For example, one could not serve as municipal councilman while holding employment within the same municipality. However, retirement from one position would remove the restriction.
In response to your second question, the law prohibits one from holding full-time appointive office within the state government and local elective office. Note that it is permissible for one to hold part-time appointive office and local elective office. Compensation, in general, has no effect upon the permissiveness or disallowance of the simultaneous holding of offices under the law.
Your questions are fact-sensitive. Please be aware that each situation must be addressed on a case-by-case basis. If we can be of further assistance with a specific inquiry, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: Date Released: August 2, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL